**Henry HUGHES, Plaintiff,**

v.

**LOCAL NO. 11 OF THE INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL AND ORNAMENTAL IRONWORKERS, AFL–CIO, Defendant.**

**Civ. No. 1169–59.**

United States District Court
D. New Jersey.

May 13, 1960.

Bracken & Walsh, Newark, N. J., for plaintiff.

Nathan Duff, Perth Amboy, N. J., for defendant.

MEANEY, District Judge.

Plaintiff has been for some time, and at present is, a member of Local 489 of the International Association of Bridge, Structural and Ornamental Ironworkers, AFL–CIO, of Scranton, Pa. In 1951 he moved into the jurisdiction of the defendant Local. At the time of moving from Scranton, Pa., to Mine Hill, N. J., plaintiff was a member in good standing in Local 489. In 1957, in conformity with provisions of the constitution of the International Union plaintiff applied for a transfer from Local 489 to Local 11, following the course of procedure outlined in the constitution of the

International. The defendant Local refused to issue the necessary transfer though Local 489 has indicated its willingness to forward the transfer on receipt from defendant Local of a form certifying fulfillment of certain transfer requirements. Plaintiff thereafter applied to the International for the purpose of securing the aid of that body in bringing about his transfer. No action has been taken by the International, and plaintiff seeks the assistance of this court, asking for what is in effect mandamus directed to the defendant Local directing it to issue the documents necessary to effectuate his transfer to such Local.

Defendant moves to dismiss this action on the grounds of lack of diversity of citizenship, lack of involvement of jurisdictional amount and absence of any federal question. Admittedly diversity of citizenship and jurisdictional amount are lacking.

Plaintiff bases his right to institute his action on the provisions of the Labor-Management Reporting and Disclosure Act of 1959, more particularly Section 3(*o*), Section 101(a) (1) and Section 102 thereof. 29 U.S.C.A. §§ 402(*o*), 411(a) (1) and 412.

Section 3(*o*) defines as a member or member in good standing "any person who has fulfilled the requirements for membership in such organization" and who has neither resigned nor been properly expelled or suspended.

Section 101(a) (1) guarantees equal rights of such members as follows:

> "Every member of a labor organization shall have equal rights and privileges within such organization to nominate candidates, to vote in elections or referendums of the labor organization, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings, subject to reasonable rules and regulations in such organization's constitution and bylaws."

Section 102 confers the right upon any person, whose rights under the Act have been infringed, to bring a civil action in a district court of the United States for appropriate relief, such action to be brought where the violation occurred or where the principal office of the labor organization is located.

Baldly stated, the question of jurisdiction in this suit rests upon whether Congress contemplated, as a right to be enforced under the terms of the Labor-Management Reporting and Disclosure Act of 1959, transfer from one local to another. Is this a matter included in Section 101(a) (1) of the said Act, violation of which would authorize suit under Section 102 thereof?

Section 101(a) (1) in its provisions for equal rights and privileges, presumed membership in a particular labor organization, and for the purposes of this suit that would be Local No. 11. But the difficulty with which we are met is whether or not the plaintiff is a member of this Local. Formally he is not as he is still carried on the roster of Local 489. However, he contends that he must be considered as a member of Local 11 since he has "fulfilled the requirements for membership" in that organization, as membership is defined in Section 3(*o*).

It seems to this court that Section 3(*o*) refers only to such persons as are or have been members of the specific organization, and has no relation to extrinsic matters such as the right to transfer to or from an organization. That right is determined by the constitution of the International and is not included in the rights specifically protected by Section 101(a) (1) above referred to.

The International prescribes the method of transfer and provides for penalties for violation of its rules in this respect. Nowhere in the Labor-Management Reporting and Disclosure Act of 1959 is there any provision relating, except by strained construction, to transfer of a person from one local to another, as a right such as those guaranteed by Section 101(a) (1) of the Act. The matter of transfer is internal to the Internation-

al and has nothing to do with the rights outlined in Section 101(a) (1) except by farfetched inference.

In the construction of the Labor-Management Reporting and Disclosure Act of 1959, any limitation of existing prerogatives of a labor organization as to internal affairs must be spelled out and not left to either merely possible or whimsical inferences.

Defendant's motion granted.

Submit an order.